**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Danielle Mary Duguay

v.                                        Case No. 26-cv-155-SM-AJ

RBS Citizens – CCO Mortgage, et al.

**Report and Recommendation**

Plaintiff Danielle Mary Duguay, who represents herself, brings this suit against the defendants[1] alleging fraudulent conduct in connection with her 2009 mortgage loan. See Amended Complaint (Doc. No. 3). Her amended complaint is before the undersigned magistrate judge for a report and recommendation on preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and Local Rule 4.3(d)(2). For the following reasons, the district judge should dismiss Ms. Duguay's amended complaint because her federal law claims are time barred by the applicable statutes of limitation and the court should decline to exercise supplemental jurisdiction over the remaining state law claims.

Legal Standard

The court conducts a preliminary review of complaints filed by plaintiffs, like Ms. Duguay, who are permitted to proceed

---

[1] The defendants include RBS Citizens – CCO Mortgage ("Citizens Bank"), the Secretary of Housing and Urban Development ("HUD"), Brian Pecjo, Ann Pecjo, Dennis Cote, Michelle Sama, and Does 1-100.

without prepaying the filing fee.  See 28 U.S.C. § 1915(e)(2); L.R. 4.3(d)(2).  The court may dismiss claims, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the plaintiff fails to allege facts to state a claim upon which relief may be granted.  See id.  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in Ms. Duguay's favor.  See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Because Ms. Duguay proceeds pro se, the court construes her pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curium).

### Background

Ms. Duguay alleges violations of the Truth in Lending Act ("TILA") (Count I), the Real Estate Settlement Procedures Act ("RESPA") (Count II), the Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count III), and brings several state law claims sounding in fraud (Counts IV- XVI).  Ms. Duguay's claims arise out of a mortgage loan related to property located at 99 Ridge Road, Center Ossipee (the "property").  She seeks various forms of injunctive and monetary relief.

In November 2009, Ms. Duguay engaged Citizens Bank and Mr. Cote for a home equity loan.  Doc. No. 3 ¶ 19.  Ms. Duguay alleges that, instead of only providing a limited home equity loan, Citizens Bank and Mr. Cote originated a new mortgage loan

2

for the property.  Id. ¶ 23.  Ms. Duguay alleges that this was done without her knowledge or consent.  Id. ¶ 25.  Ms. Duguay was unable to afford the monthly payments for the new mortgage loan.  Id.  Ms. Duguay struggled to make payments on the mortgage from 2009 to 2015.  Id. ¶ 34.

In March 2015, Ms. Duguay's mother contacted Citizens Bank and spoke to Ms. Sama, a Citizens Bank employee, to express her interest and ability to pay the balance of Ms. Duguay's loan. Id. ¶¶ 36–37.  Ms. Sama told her that the payment could not be processed and that Ms. Duguay and her mother would have to wait until the property went on the market.  Id. ¶ 37.

In July 2015, Citizens Bank foreclosed on the property. Id. ¶ 57.  On December 29, 2015, Ms. Duguay was evicted from the property.  Id. ¶ 59.  At some point between the foreclosure and Ms. Duguay's eviction, the property was transferred to HUD which sold it to Mr. Pecjo for $82,000.  Id. ¶ 61.  Ms. Duguay alleges that the purchase price was a fraction of the property's fair market value.  Id.  She contends that Mr. Pecjo has acquired 15 other properties through similar transactions.  Id. ¶ 64.  Three years after his acquisition of the property, Mr. Pecjo added Ms. Pecjo to the deed, making her a co-owner.  Id. ¶ 82.  Ms. Duguay alleges that she sent Mr. Pecjo a message on December 24, 2024 informing him that she was taking back her property and demanding that he immediately vacate.  Id. ¶ 68.  She alleges

that Mr. Pecjo did vacate and has not returned to the property. Id. ¶¶ 69-70.

Ms. Duguay previously filed suit against RBS Citizens and Mr. Cote in 2019.[2]  See Duguay v. RBS Citizens Fin. Grp., et al., 19-cv-1103-LM.  In that suit, Ms. Duguay claimed that Citizens Bank and Mr. Cote engaged in fraudulent actions related to the 2009 mortgage loan.  See id., Doc. No. 1.  The court dismissed her suit for lack of subject matter jurisdiction.  See id., Doc. No. 4 (R&R); 6 (R&R Adopted).  Therein, the court noted that the acts complained of took place in 2009 and 2015, beyond the scope of New Hampshire's statute of limitations period.  Id., Doc. No. 4 at 5 n.5.  That decision was not appealed.  See generally id.

Ms. Duguay then filed this action on February 10, 2026.

Discussion

The court first addresses the relevant statutes of limitations for Ms. Duguay's federal claims before turning to her state law tort claims.

---

[2] The court considers Ms. Duguay's 2019 suit because, while the court may not ordinarily consider documents outside the complaint on preliminary review, it is permissible to consider official public records, including court filings.  See Gillis v. Chase, No. 1:16-cv-11451-ADB, 2017 WL 1535082, at *1 (D. Mass. Apr. 27, 2017) (citing Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

I.    Statute of Limitations

a. TILA

"The statute of limitations for claims for rescission under TILA varies depending on the circumstances, but is—at most—three years after the extension of credit." In re Sheedy, 801 F.3d 12, 17 (1st Cir. 2015) (citing 15 U.S.C. § 1635(f)). Because Ms. Duguay's TILA claim is based on insufficient disclosures, the limitations period runs from the date of the transaction at which the disclosures should have been made, i.e., November 2009.  See Philibotte v. Nisource Corp. Servs. Co., 793 F.3d 159, 164 (1st Cir. 2015) (citing 15 U.S.C. § 1640(e)).  Accordingly, Ms. Duguay had until November 2012 to bring her TILA claim.  Having filed this suit in 2026, Ms. Duguay failed to meet the TILA limitations period.

Ms. Duguay contends that she is entitled to rescind beyond TILA's ordinary three-year period because the defendants failed to provide her with the required notice of recission rights or make required disclosures.  Some courts have applied equitable tolling to TILA claims where the plaintiff has "in some extraordinary circumstances. . . been prevented from asserting [her] rights." Taggart v. Chase Bank USA, N.A., 355 Fed. Appx. 731 732 (3rd Cir. 2009).  The equitable tolling doctrine does not save Ms. Duguay's claims.  Ms. Duguay has not alleged that the defendants prevented her from asserting her rights in any

way.  See Corcoran v. Saxon Mortg. Servs., Inc., No. 09-11468-NMG, 2010 WL 2106179, at *3 (D. Mass. May 24, 2010) (citations omitted).  Her allegations do not feature extraordinary circumstances warranting application of equitable tolling.

   b. RESPA

   The statute of limitations for RESPA claims is, at most, three years from the alleged violation.  12 U.S.C. § 2614.  The latest allegations that could give rise to RESPA violations occurred in 2015.  Accordingly, the statute of limitations on those alleged violations expired in 2018 at the latest.  Having filed this suit in 2026, Ms. Duguay's RESPA claim is untimely.

   c. Tolling of the TILA and RESPA Limitations Periods

   In her amended complaint, Ms. Duguay refers to her inability to discover the full extent of the defendants' conduct until recently.  Doc. No. 3 ¶ 99.  In particular, Ms. Duguay points to her recent discovery of: (1) her Social Security records indicating she had zero income in 2009; (2) that the subject loan was not properly securitized and Citizens bank lacked standing to foreclose; (3) that forensic analysis would reveal violations of TILA and RESPA; (4) that Mr. Pecjo acquired 14 other properties through similar HUD transactions; and (5)

other facts giving rise to her claims discovered only through consultation with legal experts and forensic audits.[3]  Id.

In some instances, the statute of limitations may be tolled where the plaintiff did not know or reasonably could have known the factual basis for her claim.  See Donahue v. United States, 634 F.3d 615, 623 (1st Cir. 2011) (applying the doctrine to an FTCA claim).  While the First Circuit has not directly addressed whether a delayed discovery doctrine may apply to claims brought under TILA or RESPA, other courts have and rejected its applicability.  See Tripp v. Wells Fargo & Co., No. 6:18-cv-00983-MK, 2019 WL 1373678, at *6 n.2 (D. Or. Feb. 12, 2019) (collecting cases).

Even if the court were to apply the delayed discovery doctrine to Ms. Duguay's claims, it would not save them.  Ms. Duguay knew the factual basis for her claim by 2019 at the latest.  In her 2019 suit, she articulated the same concerns underlying her claims here.  Therein, she stated, "27 months ago I realized I had been a victim of wrongful eviction,

---

[3] Ms. Duguay also contends that her delay in filing was caused by her lack of financial resources and difficulty obtaining legal assistance.  Financial restriction, however, does not "constitute extraordinary circumstances necessary to invoke equitable tolling of the statute of limitations period." Moser v. Ayala, No. 13-1329(MEL), 2013 WL 12234521, *2 (D.P.R. Dec. 10, 2013) (citing Hannahs v. United States, 75 A.T.F.R.2d 95-1150, 1995 WL 230461 (W.D. Tenn. Jan. 30, 1995) ("Financial hardship … is not sufficient to warrant equitable tolling of the limitations period.")).

foreclosure, and loan fraud."  19-cv-1103-LM, Doc. No. 1 at 5. Ms. Duguay's 2019 suit makes clear that she was aware of her injury and of the causal connection between it and the defendants' alleged actions more than seven years ago.  See Brooks v. Gillen, No. 17-2672(MCA), 2018 WL 1981480, at *6 (D.N.J. Apr. 26, 2018) (holding that the plaintiff's 1983 claim was time-barred because he knew of his injury before the limitations period expired as evidenced by his previous suit against different defendants for the same injury).  The five reasons Ms. Duguay articulates for her delayed suit relate to her acquisition of new evidence which she contends supports her allegations, not information necessary for her to connect her injury with the defendants' actions.  There is no reading of Ms. Duguay's allegations to support the conclusion that she did not know nor could she have known that she had been injured by the defendants' actions.

Consequently, the district judge should dismiss Ms. Duguay's TILA and RESPA claims (Counts I and II) because she filed suit beyond the applicable statutes of limitations and the delayed discovery doctrine cannot save her otherwise untimely claims.

d. RICO

A plaintiff seeking to recover under RICO must file suit within four years of the date when she knew or should have known

8

of her injury.  See Rotella v. Wood, 528 U.S. 549, 554 n.2 (2000) (leaving the question open as to whether the discovery rule applies to the civil RICO statute of limitations); Lares Grp., II v. Tobin, 221 F.3d 41, 43 (1st Cir. 2000) (holding that the statute of limitations in a civil RICO action begins to run at "the time a plaintiff knew or should have known of his injury").

The record indicates that, at the latest, Ms. Duguay knew of the alleged RICO fraud by 2019 when she first filed suit regarding the mortgage transaction.  At that point, she knew of her injury and its connection to the alleged fraud. Accordingly, because she filed this action in 2026, more than four years after the record demonstrates that she had sufficient knowledge to bring suit, her civil RICO claim is time barred.

Where the facts alleged in the complaint show that the claims are time-barred, and there is no possibility that the statute may have been tolled, the court may dismiss the complaint on preliminary review.  See Pigott v. Lynn Police Dep't, 7 F.3d 218, 1993 WL 375821, at *5 (1st Cir. Sept. 27, 1993).  For the reasons set forth above, the statutes of limitations on Ms. Duguay's federal law claims (Counts I-III) have expired.  The district judge should dismiss them on that basis.

## II.   Supplemental Jurisdiction

Without the federal law claims, Ms. Duguay's amended complaint is comprised solely of state law claims.  Generally, when a plaintiff alleges both federal and state law claims and the claims are sufficiently closely related to form part of the same case or controversy, federal courts may properly exercise supplemental jurisdiction over the state law claims.  See 28 U.S.C. § 1367(a).  However, when all federal claims are dismissed prior to trial, "it is generally appropriate for a federal court to decline to exercise supplemental jurisdiction over any remaining state-law claims."  Dispensa v. Nat. Conf. of Catholic Bishops, No. 19-cv-556-LM, 2020 WL 2573013, at *12 (D.N.H. May 21, 2020) (citing 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).  Nothing in this case provides good cause for deviating from that general rule.  See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").  Because Ms. Duguay relies on federal question jurisdiction[4] and dismissal of all federal claims is recommended, the district judge should decline to exercise supplemental jurisdiction and dismiss Ms. Duguay's state law claims (Counts IV-XVI) without prejudice.

10

## Conclusion

For the foregoing reasons, the district judge should dismiss Ms. Duguay's amended complaint without prejudice to her ability to litigate her state law claims in state court.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 27, 2026

cc:  Danielle Mary Duguay, pro se

11